UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA WAKEFIELD, | No. 2:16-cv-00991-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| CLARA SIMON, et al., | |
| Defendants. | |

        This is an unlawful detainer action, with an amount in controversy of less than $2,000. *See* ECF No. 1. On May 10, 2016, defendants Clara Simon and Judy Simon removed this case to federal court. *Id.* Additionally, defendants filed a motion to proceed in forma pauperis. ECF Nos. 3, 4. On May 11, 2016, plaintiff Laura Wakefield filed a motion with the court to remand this case, ECF No. 5, and to shorten time for hearing on the motion to remand, ECF No. 6.

        When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not

1  established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.
2  1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time
3  before final judgment it appears that the district court lacks subject matter jurisdiction, the case
4  shall be remanded." 28 U.S.C. § 1447(c).

5  Here, the court finds the case should be remanded to the Yuba County Superior
6  Court. Because the amount in controversy is less than $75,000, and the main if not only issue
7  turns on state law, removal is improper because this court does not have subject matter
8  jurisdiction under 28 U.S.C. §§ 1331 and 1441.

9  This case is REMANDED to Yuba County Superior Court. Defendants' IFP
10 motions are DENIED as MOOT. Because the court remands the case on its own accord, Ms.
11 Wakefield's motions to remand and to shorten the time for hearing her motion are DENIED as
12 moot.

13 This resolves ECF Nos. 3, 4, 5, and 6.

14 IT IS SO ORDERED.

15 DATED: June 1, 2016.

UNITED STATES DISTRICT JUDGE

2